UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYLER WARD #728439,

        Plaintiff,                                 Hon. Jane M. Beckering

v.                                                       Case No. 1:22-cv-1033

TRENTON LOVEBERRY, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 21). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted.

**BACKGROUND**

Plaintiff initiated this action against four corrections officers and two nurses. (ECF No. 1). Most of Plaintiff's claims were dismissed on screening. (ECF No. 6-7). At this juncture, the only claims remaining are: (1) retaliation claims against Defendants Mihms and Loveberry; (2) excessive force claims against Defendants Mihms and Loveberry; and (3) denial of medical treatment claims against Defendant Loveberry. Defendant Mihms now moves for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies. Plaintiff has

-1-

failed to respond to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant

probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his

-4-

control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

Plaintiff's remaining claims against Defendant Mihms arise out of an alleged incident which occurred on March 26, 2022. (ECF No. 1, 6). In support of his motion for summary judgment, Defendant Mihms has presented evidence that Plaintiff has pursued five grievances through all three steps of the grievance process. (ECF No. 22 at PageID.113-37). This evidence reveals the following.

### A. Grievance RGC-22-04-0719-28a

Plaintiff filed this grievance against a Shift Commander alleging that it was improper for Defendant Mihms to work while Plaintiff's allegations against Mihms were being investigated. (ECF No. 22-4, PageID.128). This grievance was rejected as untimely. (*Id.*, PageID.117-18). This grievance fails to exhaust Plaintiff's remaining claims against Defendant Mihms for two reasons. First, the grievance was not asserted against Mihms. Second, the grievance was rejected as untimely. Accordingly, this grievance fails to exhaust any of Plaintiff's remaining claims against Defendant Mihms.

### B. Grievance RGC-22-04-0717-28a

Plaintiff filed this grievance against Defendant Loveberry alleging harassment and retaliation. (ECF No. 22-4, PageID.130). This grievance was rejected as untimely. (*Id.*, PageID.119-20). This grievance fails to exhaust Plaintiff's remaining claims against Defendant Mihms for two reasons. First, the grievance was not asserted against Mihms. Second, the grievance was rejected as untimely. Accordingly, this grievance fails to exhaust any of Plaintiff's remaining claims against Defendant Mihms.

### C. Grievance RGC-22-04-0712-28b

Plaintiff filed this grievance against Healthcare alleging lack of medical treatment. (ECF No. 22-4, PageID.132). This grievance was rejected as untimely. (*Id.*, PageID.121-22). This grievance fails to exhaust Plaintiff's remaining claims against Defendant Mihms for two reasons. First, the grievance was not asserted

against Mihms. Second, the grievance was rejected as untimely. Accordingly, this grievance fails to exhaust any of Plaintiff's remaining claims against Defendant Mihms.

D.   Grievance RGC-22-04-0710-28e

Plaintiff filed this grievance against Defendant Mihms regarding an incident on March 30, 2022, in which Mihms allegedly denied Plaintiff an ice pack. (ECF No. 22-4, PageID.134). This grievance was rejected as untimely. (*Id.*, PageID.123-24). This grievance fails to exhaust Plaintiff's remaining claims against Defendant Mihms for two reasons. First, the grievance does not concern any of Plaintiff's remaining claims against Mihms. Second, the grievance was rejected as untimely. Accordingly, this grievance fails to exhaust any of Plaintiff's remaining claims against Defendant Mihms.

E.   Grievance RGC-22-03-0699-28e

Plaintiff filed this grievance against Defendant Loveberry alleging verbal harassment and a denial of medical treatment. (ECF No. 22-4, PageID.136). This grievance was rejected as untimely. (*Id.*, PageID.125-26). This grievance fails to exhaust Plaintiff's remaining claims against Defendant Mihms for two reasons. First, the grievance was not asserted against Mihms. Second, the grievance was rejected as untimely. Accordingly, this grievance fails to exhaust any of Plaintiff's remaining claims against Defendant Mihms.

Plaintiff has failed to respond to Defendant's motion and, therefore, has failed to present any evidence indicating a genuine factual dispute on the question whether he properly exhausted his administrative remedies regarding his remaining claims against

Defendant Mihms. Because Defendant Mihms' unrefuted evidence satisfies his burden on the exhaustion question, the undersigned recommends that Defendant's motion be granted and Plaintiff's remaining claims against Defendant Mihms be dismissed without prejudice for failure to exhaust administrative remedies.

The undersigned recommends, in the alternative, that Defendant's motion be granted on the ground that Plaintiff has waived any opposition thereto. While Plaintiff is representing himself, pro se litigants are "still required to follow the rules of civil procedure and easily-understood Court deadlines." *Ciavone v. McKee*, 2009 WL 2959737 at *6 (W.D. Mich., Sept. 10, 2009). Failure by a plaintiff to respond to a motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"). Likewise, opposition to a motion for summary judgment is waived, and dismissal appropriate, where the plaintiff fails to respond thereto. *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise

-8-

respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 21) be granted. Specifically, the undersigned recommends that Plaintiff's remaining claims against Defendant Mihms be dismissed without prejudice for failure to exhaust administrative remedies. For the same reasons the undersigned makes this recommendation, the undersigned recommends that an appeal of this matter would be frivolous and not in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 16, 2024         /s/ Phillip J. Green
                             PHILLIP J. GREEN
                             United States Magistrate Judge