UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYLER WARD #728439,

      Plaintiff,                                     Hon. Jane M. Beckering

v.                                                    Case No. 1:22-cv-1033

TRENTON LOVEBERRY, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this matter almost two years ago against several individuals. (ECF No. 1). At this juncture, Plaintiff's claims have all been dismissed save certain claims against Defendant Loveberry. (ECF No. 6-7, 32, 35). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the present action be dismissed for failure to prosecute.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

-1-

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999). Consideration of these factors leads the Court to recommend that Plaintiff's remaining claims be dismissed.

Local Rule of Civil Procedure 41.1 provides that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution." Plaintiff was previously an inmate in the custody of the MDOC but was released from custody on July 8, 2024. *See* Tyler Deshon Ward, available at https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=728439 (last visited on August 18, 2024). Following his release from custody, two items which the Court mailed to Plaintiff were returned because Plaintiff failed to provide the MDOC with a forwarding address. Likewise, Plaintiff has failed to notify the Court of his current address. Plaintiff's failure to provide the Court with his current address constitutes willful disregard of the Court's rules which prejudices Defendant's ability to defend against Plaintiff's claims. While Plaintiff has not previously been warned by the Court that dismissal of his claims might result from his refusal to comply with the

-2-

aforementioned rule, this Recommendation will serve as such a warning and affords Plaintiff an opportunity to contest the recommendation that dismissal is appropriate.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's remaining claims against Defendant Loveberry be dismissed with prejudice for Plaintiff's failure to prosecute. For the same reasons the undersigned makes this recommendation, the undersigned recommends that an appeal of this matter would be frivolous and not in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                                  Respectfully submitted,

Date: August 19, 2024                                /s/ Phillip J. Green
                                                               PHILLIP J. GREEN
                                                               United States Magistrate Judge